No. 85-424

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

HARVEY D. HURTT,

        Plaintiff and Appellant,

   -vs-

SCHOOL DISTRICT NO. 29, BIG HORN
COUNTY, MONTANA,

        Defendant and Respondent.

_____

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and for the County of Big Horn,
The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

           Felt & Martin; James D. Walen, Billings, Montana

      For Respondent:

           Smith Law Firm; Chadwick H. Smith, Helena, Montana

_____

Submitted on Briefs: March 14, 1986

Decided:  August 1, 1986

Filed:   AUG -1 1986

_____
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Harvey Hurtt appeals the judgment of the District Court, Thirteenth Judicial District, holding that he was not entitled to recover from the school district for breach of contract and failure to follow statutory notice and hearing requirements.

We affirm in part, reverse in part and remand for determination of damages.

Appellant raises four issues on appeal:

(1) Whether the contract for the 1979-1980 school year between Hurtt and the school district was fully performed.

(2) Whether the school district was required to give notice of non-renewal of appellant's 1980-1981 contract, and whether failure to give notice resulted in the automatic renewal of that contract.

(3) Whether any damages awarded for the 1980-1981 contract should be reduced by the amount of retirement, unemployment benefits and work study wages.

(4) Whether attorney's fees and statutory penalties should be assessed as additional damages.

On August 30, 1979 the respondent school district hired appellant Hurtt as the administrator of the district. The contract between the parties described the position as "Superintendent/Principal." The school district indicated the duration of the contract was "for the school term of two hundred and twenty days and 7 pupil-instruction related days." The contract did not indicate any beginning or termination dates. Hurtt's compensation was set at $20,000.00 salary plus a housing allowance.

Appellant acted as both superintendent and principal throughout the 1979-1980 school year. Instruction for that school year ended May 30. During a school board meeting on June 4, 1980, Hurtt notified the trustees that he believed his 1979-1980 contract would be completed June 10, 1980. He based this conclusion upon a time report which he presented to the board. The time report indicated he had worked 26 days in addition to instruction and instruction-related days. The additional time was used by attending ten school board meetings that had lasted past midnight and by working 16 Saturdays and Sundays on school business.

The trustees voted to reject Hurtt's time report and decided to contact the county attorney for an opinion to resolve the issue of when performance under the contract would be completed. The trustees asked Hurtt to stay on until the opposing contentions relating to the contract could be resolved. Hurtt indicated he would be willing to stay on and that he would negotiate for either compensatory time or added compensation. The trustees then voted to continue the meeting in executive session. When they returned to the open meeting at approximately 1:30 a.m. on June 5, they orally informed Hurtt that his contract would not be renewed for the 1980-1981 school year. This was the first time the trustees had discussed renewing or not renewing Hurtt's contract. They gave no reasons for their decision.

On June 6, 1980 the board requested by letter the opinion of the county attorney. Hurtt was not advised of any opinion from the county attorney, nor did the board discuss the dispute with Hurtt, prior to June 11, 1980. Hurtt continued on the job through June 11, 1980 and moved from the school district that day to look for other employment.

- 3 -

The county attorney never issued an opinion as to the duration of the contract. No written notice was ever sent by the school board to Hurtt informing him that his contract for the 1979-1980 school year was terminated, or that his contract would not be renewed for the 1980-1981 school year. On the advice of counsel, the board did send Hurtt notice that he would not be offered a contract for the 1981-1982 school year. The board paid Hurtt $17,636.54 salary, $1,250.00 housing allowance and $113.64 unused sick leave under the 1979-1980 contract and nothing thereafter.

Hurtt sued the school district for alleged breach of the 1979-1980 contract and for failure to timely notify him that his contract would not be renewed for the 1980-1981 school year. The District Court found as a matter of law that the term 220 days meant 220 week days, that Hurtt himself had breached the 1979-1980 contract, and that he was not entitled to notice of non-renewal.

The first issue presented on appeal is whether the 1979-1980 contract was fully performed. There is no dispute that Hurtt left Wyola June 11, 1980, leaving unfinished work behind. We will not disturb the District Court's findings and conclusions when they are adequately supported by the evidence. Bartel v. State (Mont. 1985), 704 P.2d 1067, 1076, 42 St.Rep. 1, 10.

Appellant presents a second issue: Whether his contract for the 1980-1981 school year was automatically renewed by operation of law, because the school board failed to notify him in writing before April 15, 1980 that his contract would not be renewed for 1980-1981 school year.

The resolution of this second issue presented on appeal depends on whether Hurtt is a Superintendent, subject to

termination without notice under § 20-4-401(3), MCA, or, a Principal entitled to notice under § 20-4-206(1) MCA, which provides that "[T]he trustees shall provide written notice by April 15 to all nontenure teachers who have been reelected. Any nontenure teacher who does not receive notice of reelection or termination shall be automatically reelected for the ensuing school fiscal year." The School District contends Hurtt served as superintendent and is entitled to be treated only as a superintendent. Hurtt responds that he served in both a superintendent's and principal's capacities.

We hold that Hurtt was a principal as well as a superintendent and was therefore entitled to the statutory processes regarding non-renewal of a principal's and a superintendent's contract.

Hurtt's employment contract titled his position as Superintendent/Principal. This title does not indicate which duties Hurtt would perform, or how much time Hurtt would spend under each part of his title. However, the language clearly indicates Hurtt would be required to perform both capacities. Where language of a contract is clear and unambiguous on its face, it is the duty of the court to enforce it as the parties made it. Wortman v. Griff (1982), 200 Mont. 528, 651 P.2d 998, see also § 28-3-201, MCA. The language clearly indicates that Hurtt was both a principal and a superintendent. For us to hold that he filled only one of those positions would be to impermissibly rewrite the contract between the parties. Lemley v. Bozeman Community Hotel Co. (1982), 200 Mont. 470, 651 P.2d 979; Herrin v. Herrin (1979), 182 Mont. 142, 595 P.2d 1152.

This meaning of the contract is buttressed by the applicable statutes. School trustees are elected officials

- 5 -

with the duty to employ and dismiss administrators as provided by Title 20, MCA. Sections 20-3-324 and 20-3-361, MCA. Section 20-4-401(1), MCA, provides that the trustees of a high school district may join with the trustees of the elementary district where the high school is situated to jointly employ a superintendent. As in the case of many small schools, the Wyola trustees wished to hire only one administrator. However, § 20-4-403, MCA, allows school districts, in lieu of hiring a superintendent, to employ a principal who shall perform the duties of a principal and a district superintendent. That statute provides:

> (1) Whenever the trustees of a district employ and appoint a school principal but do not employ and appoint a district superintendent, such principal shall perform the duties of the a district superintendent as prescribed in subsections (4), (5), (6), (7), and (8) of 20-4-402 and shall have general supervision of such school and personnel assigned to such school.
>
> (2) If granted authority by the board of trustees, a school principal in a district that does employ and appoint a district superintendent may suspend for good cause any pupil of the school where the principal is employed.

We must assume Hurtt was hired pursuant to §§ 20-4-401 and 20-4-403, MCA, and therefore was both principal and superintendent.

Section 20-4-401(3), MCA, sets out the powers of school board trustees to terminate a superintendent's employment. That sub-section, in relevant part, provides:

> [A superintendent's] contract shall be for a term of not more than 3 years, and after the second successive contract, the contract shall be deemed to be renewed for a further term of 1 year from year to year thereafter unless the trustees shall, by resolution passed by a majority vote of its membership, resolve to terminate the services of the district superintendent or the county high school principal at the expiration of his existing contract.

While Hurtt, in his capacity as a superintendent cannot complain that his employment was unlawfully terminated, he also served as a principal and termination of his employment in that capacity must follow statutory procedures outlined for principals.

We now turn to the statutes applicable to a principal. Section 20-1-101(11), MCA, provides, "for the purposes of this title, any reference to a teacher shall be construed as including a principal as hereindefined." The same subsection defines principal as "any person who holds a valid class 3 Montana teacher certificate with an applicable principal's endorsement and who has been employed by a district as a principal." Hurtt held such a certificate and was hired as a principal.

Because Hurtt was a principal, the provisions of § 20-4-206, MCA, apply to the nonrenewal of Hurtt's contract. That statute, in relevant part, provides:

> The trustees shall provide written notice by April 15 to all nontenure teachers who have been reelected. Any nontenure teacher who does not receive notice of reelection or termination shall be automatically reelected for the ensuring school fiscal year.
>
> . . .
>
> When the trustees notify a nontenure teacher of termination, the teacher may within 10 days after receipt of such notice make written request of the trustees for a statement in writing of the reasons for termination of employment. Within 10 days after receipt of the request, the trustees shall furnish such statement to the teacher.

Under the statute nontenure principals must receive written notice from the trustees by April 15 that they will not be re-elected for the following school year. If notice of termination is timely received the principal can request and shall receive a written statement of the reasons for the

- 7 -

termination. Hurtt did not receive timely notice, therefore he had been reelected for the 1980-1981 school year on April 16, 1980. In order to terminate that 1980-1981 contract the trustees needed to comply with § 20-4-207, MCA, which provides for dismissal of a teacher under contract. The trustees did not comply with that statute.

Hence, we hold that Hurtt is entitled to damages for breach of the 1980-1981 contract, subject to mitigation of damages, but is not entitled to damages stemming from the 1979-1980 contract.

The third issue presented concerns the measurement of damages awarded under the 1980-1981 contract. The trial record reveals a finding by the court relating to the measurement of Hurtt's damages. We remand this issue to the District Court for determination in light of Wyatt v. School District No. 104 (1966), 148 Mont. 83, 417 P.2d 221.

Hurtt also seeks attorneys fees. We hold an award of attorneys fees is not proper in this case because there is not specific applicable contract provision or statutory grant of attorneys fees. See, Pryor School v. Super. of Publ. Instruction (Mont. 1985), 707 P.2d 1094, 1098, 42 St.Rep. 1405, 1413.

This case is remanded to the District Court for further proceedings consistent with this opinion.

_____
Justice

We Concur:


_____
Chief Justice

- 8 -

_____

_____
John E. Sheehy

_____
_____
Justices

Mr. Chief Justice J. A. Turnage dissenting:

I respectfully dissent from the majority opinion and would affirm the District Court.

The District Court Finding of Fact Nos. 5 and 18 state:

> 5. That on August 30, 1979, Plaintiff and Defendant school district, through its Board of Trustees, executed a written contract, prepared by Defendant, whereby Plaintiff was employed to supervise the school of the Defendant district for the school term of 1979-1980, consisting of 220 days and seven (7) pupil instruction related days, for a total compensation of $20,000.00, payable over a 12-month period, plus a housing allowance of $125.00 per month.

> 18. That Plaintiff testified that he would have accepted the job for the 1980-1981 school term, had it been offered to him, but he made no request of the school board, nor did he notify the Defendant that he would so accept, or that he in fact wanted it. Plaintiff left Wyola on June 11, 1980, leaving his forwarding address, and leaving several reports and applications for funds unfinished.

The District Court's Conclusion of Law No. 1 states:

> 1. That Plaintiff breached and did not fully perform his contract with the Defendant for the school year 1979-1980 in that he performed only 193 of the required 227 days of service; that Plaintiff was not entitled to a day's credit for service performed on Saturdays or Sundays during the school year, or for a day's credit for school board meetings that extended past midnight; that such interpretation was not intended by the contracting parties and was not later approved by the Defendant.

The first issue presented on appeal is whether the 1979-1980 contract was fully performed. I do concur with the majority in their disposition of the first issue as expressed by the majority:

> The first issue presented on appeal is whether the 1979-1980 contract was fully performed. There is no dispute that Hurtt left Wyola June 11, 1980, leaving

10

> unfinished work behind. We will not disturb the District Court's findings and conclusions when they are adequately supported by the evidence. Bartel v. State (Mont. 1985), 704 P.2d 1067, 1076, 42 St.Rep. 1, 10.

This issue and its disposition as articulated by the majority is dispositive of the entire case.

Appellant breached his contract with respondent by failing to complete his obligation to perform 227 days service and performed only 193 days service and in leaving his employment without completing several reports and applications critical to the interest of the school district. He clearly breached his contract and is entitled to no further notice of its non-renewal.

The judgment of the District Court should be affirmed.

_____
Chief Justice

Mr. Justice John Conway Harrison and Mr. Justice L. C. Gulbrandson:

We join in the foregoing dissent of Mr. Chief Justice Turnage.

_____

_____
Justices