No. 96-699

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


THERESA TURCOTTE STUTZMAN,

Plaintiff and Appellant,

v.

SAFECO INSURANCE COMPANY OF AMERICA,

Defendant and Respondent.



APPEAL FROM:    District Court of the Eleventh Judicial District,
                In and for the County of Flathead,
        The Honorable Katherine R. Curtis, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Kenneth E. O'Brien (argued); Hash, O'Brien & Bartlett;
Kalispell, Montana

For Respondent:

Robert J. Phillips (argued); Phillips & Bohyer;
Missoula, Montana



Heard: June 24, 1997

Submitted: July 22, 1997

Decided: September 8, 1997
Filed:


_____

Clerk

Justice Jim Regnier delivered the opinion of the Court.

On October 11, 1995, plaintiff and appellant, Theresa Turcotte Stutzman, formerly
Theresa Turcotte, filed an action in the District Court for the Eleventh Judicial District
in Flathead County against Safeco Insurance Company of America to recover
underinsured motorist benefits pursuant to an automobile insurance policy issued by
Safeco in hers and her husband's names.  Safeco subsequently moved for summary
judgment, and Stutzman filed a cross motion for partial summary judgment.  On October
29, 1996, following review of the record, the District Court issued an order granting
Safeco's motion, and denying Stutzman's.  Stutzman appeals the District Court's order.
For the reasons stated below, we affirm.

This Court finds the following two issues dispositive on appeal:

1.    Did the District Court err in concluding that  the exclusionary language
contained in the Safeco policy's definition of an underinsured motor vehicle effectively
precludes appellant from recovering underinsured motorist benefits?

2.    Did the District Court err in determining that the definition of underinsured
motor vehicle contained in the Safeco insurance policy does not violate public policy or
the reasonable expectations of the insured?

FACTUAL BACKGROUND

The parties do not dispute the material facts in this case, as indicated by their
respective motions for summary judgment.  On November 5, 1992, Stutzman was injured
in a single-vehicle automobile accident near Marion, Montana.  At the time of the
accident, Stutzman's husband, John Turcotte, was driving and Stutzman was a passenger.
Due to Turcotte's negligence, the  vehicle went off the road and overturned.  Stutzman
was injured as a result of the accident and claims damages in excess of $200,000.
Turcotte was the sole owner of the vehicle involved in the accident, and Stutzman had
never driven it herself.

At the time of the accident, Stutzman and Turcotte were the named insureds on an
automobile insurance policy issued by Safeco.  The Safeco policy had a liability coverage
limit of $100,000 and an underinsured motorist benefit limit of $100,000.  In June 1993,
Safeco paid Stutzman the $100,000 liability limits provided for in the policy.  Stutzman
claims damages in excess of the $100,000 in liability coverage available, however, and
is therefore seeking recovery of underinsured motorist benefits pursuant to the Safeco
policy's underinsured motorist provision.

In October 1995, Stutzman filed the present action to recover underinsured
motorist benefits.  On May 3, 1996, Safeco moved for summary judgment on the basis
that the policy's definition of underinsured motor vehicle precludes Stutzman from

recovering underinsured benefits in this case.  On May 20, 1996, Stutzman, in turn, moved for partial summary judgment on a number of grounds, maintaining primarily that the policy's definition of underinsured vehicle is unclear and ambiguous and stands in violation of public policy, as well as the reasonable expectations of the insured.  Following review of the record, the District Court granted Safeco's motion and denied plaintiff's, concluding that the policy's exclusionary clause effectively prohibited Stutzman from recovering underinsured motorist benefits.

                    DISCUSSION

     This Court's standard of review in appeals from summary judgment rulings is de novo.  Treichel v. State Farm Mut. Auto. Ins. Co. (Mont. 1997),  930 P.2d 661, 663, 54 St. Rep. 1, 2 (citing Motarie v. Northern Montana Joint Refuse Disposal Dist. (1995), 274 Mont. 239, 242, 907 P.2d 154, 156; Mead v. M.S.B., Inc. (1994), 264 Mont. 465, 470, 872 P.2d 782, 785).  This Court reviews a summary judgment order entered pursuant to Rule 56, M.R.Civ.P., based on the same criteria applied by the district court.  Treichel, 930 P.2d at 663, 54 St. Rep. at 2 (citing Bruner v. Yellowstone County (1995), 272 Mont. 261, 264, 900 P.2d 901, 903).  See also Bartlett v. Allstate Ins. Co. (Mont. 1996), 929 P.2d 227, 230, 53 St. Rep. 1300, 1301-02.

     Moreover, in proving that summary judgment is appropriate:

The movant must demonstrate that no genuine issues of material fact exist. Once this has been accomplished, the burden then shifts to the non-moving party to prove by more than mere denial and speculation that a genuine issue does exist.  Having determined that genuine issues of material fact do not exist, the court must then determine whether the moving party is entitled to judgment as a matter of law.  [This Court] reviews the legal determinations made by a district court as to whether the court erred.

Bruner, 272 Mont. at 264-65, 900 P.2d at 903.

     This Court has previously recognized that the "construction and interpretation of written agreements, including contracts" such as the one here, "is a question of law for the court to decide."  Klawitter v. Dettmann (1994), 268 Mont. 275, 281, 886 P.2d 416, 420  (citing First Security Bank of Anaconda v. Vander Pas (1991), 250 Mont. 148, 152-53, 818 P.2d 384, 387); see also Wellcome v. Home Ins. Co. (1993), 257 Mont. 354, 356, 849 P.2d 190, 192.  This Court is bound to interpret the terms of this insurance policy according to their usual, common sense meaning as viewed from the perspective of a reasonable consumer of insurance products.  See Duensing v. Traveler's Companies (1993), 257 Mont. 376, 381, 849 P.2d 203, 206 (holding that "[i]n interpreting insurance contracts, the words of the policy are to be understood in their usual meaning; common sense controls.")  Further, this Court may not rewrite the contract at issue, but must enforce it as written if its language is clear and explicit.  Hurtt v. School Dist.

No. 29,
Big Horn County (1986), 222 Mont. 415, 418-19, 723 P.2d 205, 207.  This Court has
previously held that the interpretation of an insurance policy presents a question
of law.
Wellcome, 257 Mont. at 356, 849 P.2d at 192.

     As noted above, the parties in the instant case do not dispute the relevant
facts.
Accordingly, this Court's review is limited to whether the District Court was
correct in
its interpretation of the terms of the Safeco insurance policy at issue and its
ruling upon
the parties' respective motions for summary judgment.

                              ISSUE 1
     Did the District Court err in concluding that the exclusionary language
contained
in the Safeco policy's definition of an underinsured motor vehicle effectively
precludes
appellant from recovering underinsured motorist benefits?

     Stutzman seeks a determination from this Court that she is entitled to recover
underinsured motorist benefits pursuant to the Safeco policy in effect at the time
of the
accident.  With respect to underinsured motorist coverage, the policy  provides that
Safeco will

pay all sums which the insured or his legal representative shall be legally
entitled to recover as damages from the owner or operator of an uninsured
or underinsured motor vehicle because of bodily injury, sickness or disease,
including death resulting therefrom, hereinafter called bodily injury,
sustained by the insured, caused by accident and arising out of the
ownership, maintenance or use of such uninsured or underinsured motor
vehicle . . . .

In other words, the policy provides underinsured motorist benefits if an insured
sustains
bodily injury caused by an underinsured motor vehicle.  Here, Stutzman is an insured
who claims she sustained bodily injury in a single vehicle automobile accident
caused by
her husband, Turcotte's, negligent driving.  Turcotte owned the vehicle involved in
the
accident and insured it with Safeco.  Accordingly, in evaluating Stutzman's
entitlement
to underinsured motorist benefits in this case, this Court must next determine
whether the
vehicle involved in the accident qualifies as an underinsured motor vehicle pursuant
to
the terms of the policy.

     The policy defines an underinsured motor vehicle as a

motor vehicle of any type to which a bodily injury liability bond or policy
applies at the time of the accident but the amount paid for bodily injury
under the bond or policy to an insured is not enough to pay the full amount
the insured is legally entitled to recover as damages.

But underinsured motor vehicle does not include any motor vehicle: . . .
(3) owned by or furnished for the regular use of the named insured or any
relative . . . .

This third exclusion, which removes from the definition of an underinsured vehicle
any vehicle "owned by or furnished for the regular use of the named insured or any
relative" proves critical to this Court's analysis.  Indeed, the parties vigorously dispute
the validity and applicability of  this exclusionary provision.

Safeco contends that this exclusion clearly removes the vehicle involved in the
accident from the definition of underinsured motor vehicle on two grounds.  First, Safeco
argues the vehicle was "owned by the named insured" because it was owned by Turcotte--
a named insured on the declarations page of the policy--and is thus excluded from the
definition of an underinsured motor vehicle.  Second, Safeco argues that because
Stutzman and Turcotte, the vehicle's owner, were married at the time of the accident, the
vehicle was owned by a relative of the named insured and is accordingly excluded from
the definition of an underinsured motor vehicle.  Because we find Safeco's second and
alternative argument dispositive, we need not address the question of whether the vehicle
was owned by the named insured as contemplated by the policy's exclusionary clause.

We conclude, as did the District Court below, that the vehicle involved in the
accident was owned by a relative of the named insured and therefore cannot be
considered an underinsured motor vehicle pursuant to the terms of the policy.  As noted
above, the exclusion at issue provides that an underinsured motor vehicle does not include
any motor vehicle owned by any relative of the named insured.

Safeco asserts that married persons are relatives within the clear and unambiguous
terms of the Safeco policy, and that because the vehicle involved in the accident was
owned by Stutzman's husband, it was therefore owned by a relative of the named insured.
In response, Stutzman argues that the Safeco policy fails to clearly define a spouse as a
relative, and that the policy's definition of the term "relative" is ambiguous.

The policy defines a relative as follows: "'Relative' means a relative of the named
insured who is a resident of the same household."  As Stutzman correctly notes, nowhere
does the policy specifically state whether Safeco intended the term "relative" to include
blood relatives, relatives by marriage, or both.  Stutzman argues that, had Safeco
intended  to include married persons within its definition of "relative," it could have
easily done so with explicit language to that effect.  Safeco's failure to do so, Stutzman
continues, creates an ambiguity which must be construed by this Court in her favor

and against the insurer.

Any ambiguity contained in an insurance policy will be strictly construed by this Court against the insurer. Leibrand v. National Farmers Union (1995), 272 Mont. 1, 6, 898 P.2d 1220, 1223. However, this Court will not create an ambiguity in an insurance contract where none exists. Canal Ins. Co. v. Bunday (1991), 249 Mont. 100, 106, 813 P.2d 974, 977-78; Farmers Alliance Mut. Ins. Co. v. Miller (9th Cir. 1989), 869 F.2d 509, 512. Rather, this Court will interpret the terms of an insurance policy, such as the one here, according to their usual, common sense meaning as viewed from the perspective of a reasonable consumer of insurance products. See Leibrand, 272 Mont. at 7, 898 P.2d at 1224 (holding this Court will examine language in an insurance policy from the viewpoint of a consumer of average intelligence and not trained in the law or in the insurance business).

Other courts which have interpreted insurance policies which similarly define the term "relative," or do not define it all, have concluded that a "relative," construed in its ordinary sense, includes a spouse. See, e.g., Allstate Insurance v. Shelton (9th Cir. 1997), 105 F.3d 514, 517 (holding term "'relative' requires a connection by blood or affinity," of which marriage is one); Groves v. State Farm Life and Casualty Co. (Ariz. Ct. App. 1992), 829 P.2d 1237, 1238 (holding, in insurance cases, one not a relative by blood or marriage is not covered as a relative); Allstate Ins. Co. v. Hilsenrad (Fla. Dist. Ct. App. 1985), 462 So.2d 1202, 1204 (holding resident in insured's home not a relative where no connection to the insured by way of blood, marriage, or adoption); Liprie v. Michigan Millers Mutual Ins. Co. (La. App. 1962), 143 So.2d 597, 601 (defining relative as "a person connected with another by blood or affinity" and finding daughter-in-law a relative of her husband's parents).

In accordance with prevailing case law, and applying a common sense interpretation of the terms at issue, we conclude that the average consumer of insurance would, in reading the Safeco policy, conclude that the term "relative" includes reference to his or her spouse.

Based on the foregoing, we conclude that the term "relative," construed in its ordinary sense and from the perspective of the average consumer of insurance, clearly and unambiguously includes one's spouse. A person of average intelligence could determine from a reading of the insurance policy that the term "relative" includes one to whom the insured is married.

Regardless of any ambiguity, this Court will strictly construe exclusionary language against the insurer. See Liebrand, 272 Mont. at 6, 898 P.2d at 1223. Because we have determined that the term "relative," as employed in the policy at issue in this case, is not ambiguous and clearly encompasses the spousal relationship, even when strictly construed against the insurer, this unambiguous exclusionary language clearly removes the Turcotte vehicle from the definition of an underinsured motor vehicle.

Based on the foregoing discussion, we hold the District Court did not err in concluding that the exclusionary language contained in the Safeco policy's definition of an underinsured motor vehicle effectively precludes appellant from recovering underinsured motorist benefits in this case.

                              ISSUE 2

Did the District Court err in determining that the definition of underinsured motor vehicle contained in the Safeco insurance policy does not violate public policy or the reasonable expectations of the insured?

A.    Public Policy

Stutzman argues this Court should void the exclusionary language contained in the Safeco policy's definition of an underinsured motor vehicle on public policy grounds. Specifically, Stutzman argues that, pursuant to Transamerica v. Doyle, (1983) 202 Mont. 173, 656 P.2d 820, household exclusion clauses in bodily injury liability policies are void. Although this Court may indeed invalidate a household exclusion clause which violates Montana's mandatory insurance law, there is no statutory mandate for underinsured motorist coverage in Montana. Pursuant to  61-6-103(8), MCA, optional underinsured motorist coverage is not subject to the provisions of Montana's Motor Vehicle Safety Responsibility Act. Therefore, the parties may freely contract to produce exclusions or limitations on underinsured motorist coverage.

Stutzman also argues that a policy provision which effectively prohibits her from recovering underinsured motorist benefits simply because she was injured by the negligence of her husband rather than the negligence of a third party is unconscionable. She maintains that the Safeco policy is a contract of adhesion which unconscionably prohibits her from receiving full coverage for her damages.

That the Safeco policy excludes "a vehicle owned by the insured or a relative" is not unconscionable. Stutzman was not without meaningful choice at the time the parties entered the insurance contract at issue. Rather, Stutzman and her husband were free to purchase liability coverage in excess of $100,000 but chose not to do so.

Further, as did the District Court below, we find the reasoning of the court in Kim

v. State Farm Mutual Automobile Ins. Co. (9th Cir. 1991), 952 F.2d 314, persuasive and

conclude that public policy in fact supports the enforcement of the exclusionary clause

at issue here.  To  invalidate an exclusion which prohibits recovery of underinsured motorist benefits where the vehicle in question is "owned by or furnished for the regular

use of the named insured or any relative," would, in effect, convert underinsured motorist

coverage into liability coverage and "permit policyholders to substitute inexpensive underinsured motorist coverage for more expensive liability coverage."  Kim, 952 F.2d at 316.

B.    Reasonable Expectations Doctrine

Stutzman argues that the exclusionary language at issue in this case is void because

it violated her reasonable expectations as an insured.  However, the reasonable expectations doctrine is inapplicable where, as we have found here, the terms of the insurance policy clearly demonstrate an intent to exclude coverage.  Wellcome, 257 Mont.

at 359, 849 P.2d at 194.   Rather, "[e]xpectations which are contrary to a clear exclusion

from coverage are not 'objectively reasonable'."  Wellcome, 257 Mont. at 359, 849 P.2d

at 194.

As we have determined that the disputed exclusionary language appropriately excluded vehicles from the definition of an underinsured motor vehicle if owned by a relative, including a spouse, of the insured, any expectation by the insured to the contrary

in this case would not be objectively reasonable.

In conclusion, we hold that the District Court properly concluded that the vehicle

in question was excluded from the definition of an underinsured motor vehicle because it was owned by a relative of the insured.  We additionally hold that the District Court

properly  concluded the exclusionary clause did not violate public policy or the reasonable

expectations of the insured.

On these bases we affirm the order of the District Court granting Safeco's motion

for summary judgment and denying Stutzman's motion for partial summary judgment.


/S/  JIM REGNIER


We Concur:

/S/  J. A.  TURNAGE
/S/  KARLA M. GRAY
/S/  JAMES C. NELSON
/S/  TERRY N. TRIEWEILER



Justice W. William Leaphart, dissenting.

I concur in the Courtþs resolution of issue number two and dissent on issue number
one.

Resolution of the question of whether the language of the policy excludes Stutzman
from recovering underinsurance hinges upon an interpretation of the following
exclusionary language in the policyþs definition of an underinsured motor vehicle:

But underinsured motor vehicle does not include any motor vehicle: . . . (3)
owned by or furnished for the regular use of the named insured or any
relative . . . .

The Court holds that the term þrelative,þ when construed in its ordinary sense by
an average consumer, is not ambiguous and that it clearly encompasses the spousal
relationship. Thus, since the vehicle involved was owned by a þrelative,þ Stutzmanþs
husband, the Court concludes that the vehicle was not an þunderinsured motor vehicleþ
within the terms of the policy.

I disagree. Although no expert in the theory of relativity, I am of the opinion that
ambiguity exists as to whether the term þrelativeþ denotes consanguinity only or whether
it also includes relationship by affinity. I daresay that I am not alone in my
understanding that a spouse is not a þrelative.þ I note that A Dictionary of Modern
Legal Usage (2nd ed. 1995), defines "relative" as "a person who is kin." Kindred is
then defined as "relationship by consanguinity." Blackþs Law Dictionary (6th ed.
1990), defines þrelativeþ as follows: þWhen used generically, includes persons connected
by ties of affinity as well as consanguinity, and, when used with a restrictive meaning,
refers to those only who are connected by blood.þ

We have held that we will strictly construe exclusionary language against the
insurer. See Aetna Ins. Co. v. Cameron (1981), 194 Mont. 219, 221-22, 633 P.2d 1212,
1214. Likewise, an ambiguity contained in an insurance policy will be strictly construed
against the insurer. Leibrand v. Nat. Farmers Union (1995), 272 Mont. 1, 6, 898 P.2d
1220, 1223. Accordingly, we should employ the restrictive meaning (consanguinity
only) rather than the more liberal or generic meaning. I would resolve the ambiguity in
favor of Stutzman and hold that her spouse is not a þrelative.þ Thus, the spouseþs
ownership of the vehicle does not disqualify the vehicle as an underinsured motor
vehicle.

The exclusionary language not only excludes vehicles owned by a þrelativeþ but
also vehicles owned by þthe named insured.þ Safeco argues that Stutzmanþs husband,
who owns the vehicle, is not only a relative, but also a named insured under the policy.
Although both he and appellant are þnamed insuredsþ under the policy, the exclusionary
language in question refers to þtheþ named insured. In the context of a claim for

underinsurance benefits, þthe named insuredþ logically refers to þtheþ named insured making the claim for benefits, i.e., the appellant Stutzman. The reference to þthe named insuredþ does not reference a person, such as Stutzmanþs husband, who, although named as an insured in the policy, is not making a claim for benefits. The husbandþs ownership of the vehicle does not come within either prong of the exclusionary provision. I would reverse the decision of the District Court and hold that Stutzman is entitled to recover underinsurance benefits.

/S/   W. WILLIAM LEAPHART


Justice William E. Hunt, Sr., joins in the foregoing dissent of Justice W. William Leaphart.


/S/   WILLIAM E. HUNT, SR.