No. 98-386

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 245N

LARRY F. DVORAK and F. H. VANDOREN,

Plaintiffs and Respondents,

v.

HOWARD ROSS BUTLER and ELAINE E. BUTLER,

Defendants and Appellants.

APPEAL FROM: District Court of the Twenty-First Judicial District,

In and for the County of Ravalli,

The Honorable Jeffrey H. Langton, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Howard Ross Butler, Elaine E. Butler, *Pro Se*, Hamilton, Montana and Ansley, Nebraska

For Respondents:

Kathleen O'Rourke-Mullins, Attorney at Law, Polson, Montana

Submitted on Briefs: October 1, 1998

No

Decided: October 15, 1998

Filed:

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

¶ **Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

¶ **Howard Ross Butler and Elaine E. Butler (the Butlers), appearing** *pro se*, **appeal from the judgment entered by the Twenty-First Judicial District Court, Ravalli County, on its order granting summary judgment to Larry F. Dvorak and F. H. VanDoren (collectively, Dvorak) in Dvorak's quiet title action and dismissing the Butlers' slander of title counterclaim with prejudice. We affirm.**

¶ **The sole issue before us is whether the District Court erred in granting summary judgment to Dvorak and, in so doing, denied the Butlers' right to a jury trial on their counterclaim.**

¶ In October of 1996, Dvorak filed an action against the Butlers and others to quiet title to certain real property located in Ravalli County, Montana, previously owned by the Butlers. According to the record before us, the Butlers had failed to pay certain taxes, including federal taxes, in the approximate amount of $96,500, which became a lien on their property in 1993. The United States Internal Revenue Service (IRS) seized the property and subsequently conveyed it--by certificate of sale and, later, by deed--to Dvorak in 1996. The Butlers were still occupying the real property at issue at the time Dvorak filed the quiet title action.

¶ The Butlers filed a motion to dismiss, but did not answer the complaint and the Clerk of the District Court subsequently entered their default. The Butlers moved to set aside the default, the District Court granted their motion, and the Butlers filed an answer. They denied Dvorak's claim of ownership, denied the validity of any documents purporting to transfer ownership to Dvorak and asserted a slander of title counterclaim alleging that Dvorak had made false statements disparaging their title which resulted in pecuniary losses. The Butlers also demanded a jury trial. Dvorak denied the allegations of the counterclaim.

¶ Discovery ensued and the Butlers did not provide a list of exhibits and witnesses to be used at trial as required by the pretrial order. Thereafter, Dvorak moved for summary judgment in the quiet title action, relying on his record title to the real property at issue. On the basis of the absence of any evidence of record reflecting ownership of--or title to--the property by the Butlers which could have been slandered, Dvorak also sought summary judgment on the Butlers' counterclaim. The Butlers opposed the motion. The District Court held a hearing on the motion and, thereafter, issued its order granting Dvorak's motion for summary judgment and dismissing the Butlers' counterclaim. Judgment was entered accordingly and the Butlers appeal.

¶ Did the District Court err in granting summary judgment to Dvorak?

¶ We review a district court's grant of summary judgment *de novo*, using the same Rule 56, M.R.Civ.P., criteria applied by that court. Stutzman v. Safeco Ins. Co. of America (1997), 284 Mont. 372, 376, 945 P.2d 32, 34 (citations omitted). The moving party must demonstrate the absence of any genuine issues of material fact and entitlement to judgment as a matter of law. *Stutzman*, 284 Mont. at 376, 945 P.2d at 34. If the moving party meets this burden, the opposing party must come forward

with evidence establishing the existence of genuine issues of material fact precluding summary judgment. *Stutzman*, 284 Mont. at 376, 945 P.2d at 34. The nonmoving party cannot rely on mere denial or speculation. S.M. v. R.B. (1993), 261 Mont. 522, 527, 862 P.2d 1166, 1168-69 (citation omitted).

¶ In granting Dvorak's motion, the District Court concluded that Dvorak's complaint and exhibits established the absence of any genuine issue of material fact regarding the ownership of, and title to, the property; that the Butlers had failed to controvert the facts established by Dvorak so as to raise a genuine issue of material fact regarding the issue of title to the property which was central to both the quiet title action and the Butlers' counterclaim; and that Dvorak was entitled to judgment as a matter of law. The Butlers assert error.

¶ On its face, Dvorak's deed establishes ownership of--and title to--the real property at issue in Dvorak and that, absent the existence of any factual issue in those regards, Dvorak is entitled to quiet title against the Butlers. The Butlers did not come forward with any evidence at all and they cannot merely rely on the denials in their answer to raise a genuine issue of material fact. *See S.M.*, 261 Mont. at 527, 862 P.2d at 1168-69 (citation omitted).

¶ The entirety of the Butlers' opposition to Dvorak's motion for summary judgment was as follows:

> [We] have demanded a "Trial by Jury" as a matter of right. [We] will argue the "Facts" and the "Law" to a jury, who have the right to decide both (Montana Code Annotated & Constitution for State of Montana). [We] wonder at Plaintiffs['] efforts to avoid presenting their cause to a jury.

Clearly, nothing in this response raises any genuine issues of material fact. Just as clearly, where a trial court correctly determines--as it did here--that there are no factual issues to be tried, the Butlers' right to a trial by jury does not arise.

¶ Furthermore, as indicated by their response, the Butlers did not raise any legal

arguments in opposition to Dvorak's motion for summary judgment at all, much less any legal arguments which would have precluded summary judgment. Thus, while the Butlers advance legal arguments to this Court regarding the IRS' jurisdiction over the real property, and the like, these arguments were not made in the trial court. As a result, we decline to address them.

¶ We hold that the District Court did not err in granting summary judgment to Dvorak and dismissing the Butlers' counterclaim with prejudice.

¶ Affirmed.


/S/ KARLA M. GRAY


We concur:


/S/ J. A. TURNAGE

/S/ WILLIAM E. HUNT, SR.

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART