No. 98-472

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 124N

GOETZ, GALLIK, BALDWIN & DOLAN, P.C.,

Plaintiff and Respondent,

v.

THOMAS M. MALEE,

Defendant and Appellant.

APPEAL FROM: District Court of the Eighteenth Judicial District,

In and for the County of Gallatin,

The Honorable Wm. Nels Swandal, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Thomas M. Malee, Attorney at Law; Billings, Montana

For Respondent:

Robert K. Baldwin; Goetz, Gallik, Baldwin & Dolan, P.C.;

Bozeman, Montana

Submitted on Briefs: January 21, 1999

Decided: June 3, 1999

Filed:

_____

Clerk

Justice Jim Regnier delivered the opinion of the Court.

¶1. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2. Attorney James Goetz successfully represented Attorney Thomas M. Malee in a contempt proceeding before the Montana Supreme Court. Subsequent to the contempt proceeding, Goetz filed this action against Malee because Malee refused to pay Goetz for his services. Malee asserted two affirmative defenses: (1) that Goetz grossly overcharged him; and (2) that Goetz was negligent in failing to seek fees from the Montana Supreme Court. Malee also filed a counterclaim to collect the retainer fee he paid Goetz. The Eighteenth Judicial District Court, Gallatin County, dismissed Malee's counterclaim and his second affirmative defense. The District Court then granted Goetz summary judgment on his claim that Malee should pay Goetz's fees for services. Malee appeals.

¶3. The dispositive issues in this case are the following:

¶4. 1. Did the District Court abuse its discretion when it granted Goetz leave to file a motion for summary judgment?

¶5. 2. Did the District Court err when it granted summary judgment in Goetz's favor?

¶6. In his brief, Malee asks us to consider whether the Montana Supreme Court is responsible to pay Goetz's fees for services. Since we already disposed of this issue by order on November 24, 1998, we do not consider it here.

## FACTUAL BACKGROUND

¶7. The day before Malee was directed to appear before the Montana Supreme Court to defend himself in a contempt proceeding, he retained Goetz to represent him. Goetz obtained a one-week continuance. Within the week, Goetz prepared and submitted a memorandum to the Court. Then, on April 18, 1996, Goetz successfully argued before the Court on Malee's behalf.

¶8. Malee, thereafter, refused to pay Goetz's fees for services. Despite a letter in which Malee agreed with the terms of Goetz's applicable hourly rates, Malee refuted Goetz's fees based on the amount of time Goetz spent on the case.

¶9. On June 23, 1997, Goetz filed a complaint against Malee in the Eighteenth Judicial District Court, Gallatin County. Malee filed two affirmative defenses in response to the complaint: The first alleged that Goetz overcharged him; the second, that Goetz was negligent in failing to seek fees from the Montana Supreme Court based on a Montana law that allows the courts to make a party whole. Malee also filed a counterclaim to collect the retainer fee he already paid Goetz.

¶10. On November 5, 1997, the District Court dismissed Malee's counterclaim and second affirmative defense with prejudice, pursuant to Rule 12(c), M.R.Civ.P. The District Court determined that Malee had no legal basis to support his argument that the Montana Supreme Court should pay Goetz's fees.

¶11. Thereafter, there was some confusion concerning Malee's request for a jury trial. The record shows that Goetz did not request a jury trial in his complaint, nor did Malee in his answer and counterclaim, which originally was submitted to the Clerk of the District Court by fax. However, in a hard copy of the answer and counterclaim, which followed by mail, Malee added the words "JURY TRIAL REQUESTED" at the end of the last page of the pleading. After Goetz briefed the issue of whether a jury trial should be scheduled, in which he admitted that he overlooked Malee's jury trial request, the District Court entered a jury trial preparation order on April 8, 1998, and amended it on April 13, 1998.

¶12. Following this, Goetz submitted a motion for leave to file a motion for summary judgment. On April 28, 1998, the District Court granted Goetz's motion for leave, even though the deadline for motion filing was January 23, 1998. Also on April 28, 1998, Goetz filed his motion.

¶13. On May 22, 1998, the District Court granted summary judgment in Goetz's favor. Malee appeals both the District Court's grant of leave and its grant of summary judgment.

## STANDARD OF REVIEW

¶14. **Our standard of review of discretionary trial court rulings is an abuse of discretion standard.** *See May v. First Nat'l Pawn Brokers, Ltd.* (1995), 270 Mont. 132, 134, 890 P.2d 386, 388. In *Montana Rail Link v. Byard* (1993), 260 Mont. 331, 337, 860 P.2d 121, 125,

we held that "[t]he standard of abuse of discretion is applied to discretionary rulings, such as trial administration issues, post-trial motions and similar rulings."

¶15. **We will review an appeal from a summary judgment** *de novo* **based on the same criteria applied by the district court.** *See Stutzman v. Safeco Ins. Co.* (1997), 284 Mont. 372, 376, 945 P.2d 32, 34 (citing *Treichel v. State Farm Mut. Auto. Ins. Co.* (1997), 280 Mont. 443, 446, 930 P.2d 661, 663). **Thus,**

[t]he movant must demonstrate that no genuine issues of material fact exist. Once this has been accomplished, the burden then shifts to the non-moving party to prove by more than mere denial and speculation that a genuine issue does exist. Having determined that genuine issues of material fact do not exist, the court must then determine whether the moving party is entitled to judgment as a matter of law. [This Court] reviews the legal determination made by a district court as to whether the court erred.

*Stutzman*, 284 Mont. at 376, 945 P.2d at 34 (quoting *Bruner v. Yellowstone County* (1995), 272 Mont. 261, 264-65, 900 P.2d 901, 903).

ISSUE 1

¶16. **Did the District Court abuse its discretion when it granted Goetz leave to file a motion for summary judgment?**

¶17. **As we noted above, Goetz filed his motion for summary judgment after the deadline for filing motions had passed. Malee argues that the District Court should not have permitted this because Rule 6(b), M.R.Civ.P., requires a showing of excusable neglect or good cause before an extension of time can be granted. Furthermore, § 25-1-301, MCA, limits an extension of time to ninety days. Malee asserts that Goetz filed his summary judgment motion more than ninety days after the deadline.**

¶18. First, we consider whether the District Court abused its discretion when it found good cause to grant Goetz leave under Rule 6(b), M.R.Civ.P. This rule states:

When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Rule 6(b), M.R.Civ.P.

¶19. Goetz explained that he did not file a summary judgment motion before the motion deadline because, based on the facsimile copy of Malee's answer and counterclaim, he believed there was going to be a bench trial, which was just as efficient a means to resolve his case as to resolve it by summary judgment motion. He admits that he overlooked Malee's request for a jury trial in the hard copy of the answer and counterclaim that followed.

¶20. It appears that the District Court, itself, overlooked Malee's request. It also appears that once the question of Malee's jury trial request was resolved, Goetz quickly filed a motion for leave to proceed in the most efficient way he thought possible, through a motion for summary judgment. On this basis, we conclude that the District Court properly exercised its discretion when it allowed Goetz to file the motion for summary judgment.

¶21. We next consider § 25-1-301, MCA, which states:

Subject to Rule 6(b), M.R.Civ.P., whenever this code requires or allows an act to be done at or within a specified time, which act relates to the pleadings in the action, the undertakings to be filed, the justification of sureties, the preparation of statements or of amendments thereto, or the service of notices other than of appeal, the time allowed by this code may be extended, upon good cause shown, by the court in which the action is pending or a judge thereof; but such extension shall not exceed 90 days without the consent of the adverse party.

¶22. Goetz argues that since this statute applies to pleadings, not motions, it does not

apply here. *See, e.g.,* Rules 7(a) and 7(b), M.R.Civ.P. We agree.

¶23. Also, we are not persuaded by Malee's interpretation of the phrase, "relates to the pleadings," found in § 25-1-301, MCA. Malee argues that § 25-1-301, MCA, applies to all acts which relate to the pleadings, including a motion for summary judgment which can have the effect of dismissing a pleading. However, we disagree with his argument because there are other rules that are more specific to motions for summary judgment that do not comport with Malee's interpretation of § 25-1-301, MCA. Rule 56(a), M.R.Civ.P., for example, specifically allows a party to file a motion for summary judgment "at any time after the expiration of 20 days from the commencement of the action." Also, Rules 7(a) and 7(b), M.R.Civ.P., distinguish a motion from a pleading. Therefore, we conclude that the scope of § 25-1-301, MCA, must be limited to pleadings and does not apply to summary judgment motions.

¶24. Thus, we conclude that the District Court did not abuse its discretion when it granted Goetz leave to file a motion for summary judgment.

ISSUE 2

¶25. Did the District Court err when it granted summary judgment in Goetz's favor?

¶26. Malee argues that the District Court should not have granted Goetz summary judgment because there is a genuine issue of material fact as to whether Goetz's fees for services were appropriate.

¶27. On appeal, we review the affidavits filed by both parties to determine whether a genuine issue of material fact exists. Goetz states in his affidavit that his bill for services is accurate. Malee states in his affidavit that the number of hours Goetz claims he worked on the case is excessive. In a summary judgment proceeding, Malee has a burden to prove by more than mere denial and speculation that a genuine issue of material fact exists. *See, e.g., Stutzman*, 284 Mont. at 376, 945 P.2d at 34 (quoting *Bruner*, 272 Mont. at 264-65, 900 P.2d at 903). We conclude that Malee failed to meet this burden.

¶28. The District Court determined that the issues Malee raised were speculative, conclusory, or simply inaccurate. We agree. The record establishes that Malee failed to support his allegations that the time Goetz worked on the case was excessive. For

example, Malee argues that Goetz should have charged him for forty minutes, instead of sixty minutes, for a forty-minute hearing at the Montana Supreme Court. However, as the District Court recognized, Malee's argument does not allow for the reasonable time it took Goetz to arrive at and leave the courtroom. Malee contends that Goetz overcharged him in a billing entry of 1.75 hours for a thirty-minute conference. However, Malee provides no meaningful response to Goetz's explanation that the 1.75 billing entry included the time Goetz spent preparing for the case that day. Malee also contends that Goetz should not have included in his bill the time he spent on their initial telephone conversation or on any work he performed before April 15, 1996, the date Goetz instructed Malee that he could start working on the case. Nonetheless, Malee does not dispute that Goetz legitimately spent this time working on the case. Malee further argues that Goetz's final bill was greater than the original estimate of $3000. However, to sustain this argument, Malee necessarily would have to present testimony that is clearly inadmissible under the parol evidence rule. Even if the testimony were admissible, it would only establish that the $3000 was an estimate, not a ceiling fee. Thus, we conclude that the District Court properly granted Goetz's motion for summary judgment.

¶29. For these reasons, we affirm the District Court. We also remand for an award of fees and costs, pursuant to our order dated November 24, 1998. Goetz seeks additional fees and costs pursuant to Rule 32, M.R.App.P., and § 37-61-421, MCA, in connection with this appeal. We decline to award any additional fees and costs.

¶30. Affirmed.

/S/ JIM REGNIER

We Concur:

/S/ J. A. TURNAGE

/S/ TERRY N. TRIEWEILER

No

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON