No. DA 06-0002

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 18N

_____

MARY GETTEL and STEVEN GETTEL,

      Plaintiffs and Appellants,

   v.

FRANCIS HANDWERK, M.D., Individually, and
GREAT FALLS CLINIC,

      Defendants and Respondents.

_____

APPEAL FROM:    District Court of the Eighth Judicial District,
                  In and for the County of Cascade, Cause No. BDV 01-845,
                  The Honorable Julie Macek, Presiding Judge.

COUNSEL OF RECORD:

      For Appellants:

            David B. Gallik, Attorney at Law, Helena, Montana

      For Respondents:

            Cathy J. Lewis and Neil E. Ugrin, Ugrin, Alexander, Zadick & Higgins,
            Great Falls, Montana

_____

                        Submitted on Briefs:  October 25, 2006

                                 Decided:  January 29, 2007

Filed:

_____
                       Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Pursuant to Section 1, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Plaintiffs Mary and Steve Gettel (Gettels) appeal an Order from the Eighth Judicial District, Cascade County, granting summary judgment to Defendants Francis Handwerk, M.D., and Great Falls Clinic (Defendants). We affirm.

¶3 In September 2001, the Gettels filed their complaint seeking monetary damages for personal injuries they claim were sustained during a January 1998 surgical procedure performed on Mary by Dr. Handwerk. In December 2004, Defendants filed their first discovery request seeking expert disclosure. Defendants followed this with a second discovery request in February 2005. In response, Plaintiffs moved for and were granted an extension of time to respond until May 2005. Gettels' May 2005 responses to Defendants' discovery requests did not name an expert witness. Later that summer, Defendants sent a letter to Plaintiffs again requesting disclosure of experts. Plaintiffs still did not name an expert witness.

¶4 In August 2005, Defendants moved for summary judgment based in part on the Gettels' failure to name an expert witness, as is required to establish a prima facie medical malpractice case. At the hearing on Defendants' motion, Plaintiffs, appearing *pro se*, provided a document entitled "Plaintiffs' Supplanted [sic] Response to

2

Defendants' Second Discovery Requests to Plaintiffs." Included was a response to an interrogatory purporting to identify one Joseph C. Ptasinski, M.D., as an expert for the Plaintiffs. Also filed was a letter from Ptasinski stating that the 1998 surgical procedure performed on Mary Gettel, "did not meet the standard of care." This letter was not in affidavit form, nor did it do anything to establish Dr. Ptasinski's competence to testify as a medical expert. The letter did not specify what materials Ptasinski had reviewed, what the appropriate standard of care was, the basis for Ptasinski's opinion that the standard of care was not met, and whether the failure to meet the standard of care caused Mary Gettel's injuries.

¶5 Gettels claim that the letter was a supplemental discovery response pursuant to M. R. Civ. P. 26(e). Thus, according to the Gettels' logic, by considering answers to interrogatories, as provided by M. R. Civ. P. 56(c), and drawing all inferences in favor of the Plaintiffs as the non-moving party, the letter created a genuine issue of material fact which precluded the District Court from granting summary judgment for the Defendants.

¶6 We review a district court's summary judgment ruling *de novo*. *Cape-France Enter. v. Estate of Peed*, 2001 MT 139, ¶ 13, 305 Mont. 513, ¶ 13, 29 P.3d 1011, ¶ 13. In doing so, we apply the same criteria as the district court in M. R. Civ. P. 56. *Stutzman v. Safeco Ins. Co.*, 284 Mont. 372, 376, 945 P.2d 32, 34 (1997). Summary judgment shall be granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. M. R. Civ. P. 56(c).

¶7 The letter purportedly from Dr. Ptasinski is not an affidavit which satisfies the requirements of M. R. Civ. P. 56(e). Nor does it establish Dr. Ptasinski's competency to

3

testify, another requirement of M. R. Civ. P. 56(e). Also, it was filed too late. A party opposing a motion for summary judgment must serve opposing affidavits prior to the day of the hearing. M. R. Civ. P. 56(c); *Konitz v. Claver*, 1998 MT 27, ¶ 34, 287 Mont. 301, ¶ 34, 954 P.2d 1138, ¶ 34. Gettels did not provide Ptasinski's letter until the actual day of the summary judgment hearing.

¶8 M. R. Civ. P. 26(b)(4)(A)(i), regarding expert discovery, requires that a party disclose who they plan to have testify as an expert witness, the subject matter about which the expert is expected to testify, the substance of facts and opinions to which the expert will testify, and a summary of the grounds for each opinion. Ptasinski's letter does not provide this information.

¶9 The letter naming Dr. Ptasinski as an expert was insufficient to create a material issue of fact. Summary judgment in favor of Defendants was appropriate.

¶10 Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JIM RICE

4