No. 97-685

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 205

NATIONAL FARMERS UNION PROPERTY

AND CASUALTY COMPANY,

Plaintiff and Respondent,

v.

DAVID GEORGE,

Defendant and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

The Honorable Russell C. Fagg, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Robert L. Stephens, Jr.; R. L. Stephens, Ltd., Billings, Montana

For Respondent:

James R. Halverson; Herndon, Sweeney & Halverson, Billings, Montana

Submitted on Briefs: May 14, 1998

Decided: August 24, 1998

Filed:

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

¶ **David George (George) appeals from the judgment entered by the Thirteenth Judicial District Court, Yellowstone County, on its order granting summary judgment to National Farmers Union Property and Casualty Company (Farmers) and denying his motion for summary judgment. We affirm.**

¶ **The issue on appeal is whether the District Court erred in granting summary judgment to Farmers on the basis of its conclusion that George's trailer was not a "utility trailer" for purposes of liability coverage under the Farmers policy.**

BACKGROUND

¶ **On February 4, 1997, Angela Arnold (Arnold) was driving along Monad Road in**

Billings, Montana, when she collided with a fifth wheel trailer owned by George. The trailer was parked on the shoulder of the road and was not attached to any other vehicle. Arnold subsequently filed an action against George seeking damages for bodily injury and property damage resulting from the collision.

¶ George had an automobile liability policy issued by Farmers and he submitted a claim requesting coverage for any liability incurred as a result of Arnold's accident. Farmers denied coverage and filed this declaratory judgment action requesting the District Court to determine that it had no obligation under the insurance policy at issue to either defend George or pay any damages awarded in Arnold's action. George answered the declaratory judgment complaint, alleging that his fifth wheel trailer was covered by the Farmers liability policy, and counterclaimed against Farmers for attorney's fees incurred in defending the declaratory judgment action, as well as costs and attorney's fees incurred in defending Arnold's action.

¶ Both Farmers and George moved for summary judgment on the issue of whether George's trailer was a covered vehicle under his Farmers policy. The District Court determined that George's trailer was not a "utility trailer" as defined in the policy because it was not being towed by another vehicle at the time Arnold collided with it and, as a result, the trailer was not covered by the policy. Therefore, the court concluded that Farmers was not obligated to defend or indemnify George in the action brought by Arnold, granted summary judgment to Farmers and entered judgment accordingly. George appealed.

## STANDARD OF REVIEW

¶ We review a district court's grant or denial of a summary judgment motion *de novo*, using the same Rule 56, M.R.Civ.P., criteria applied by the district court. Stutzman v. Safeco Ins. Co. of America (1997), 284 Mont. 372, 376, 945 P.2d 32, 34 (citations omitted). The moving party must demonstrate the absence of any genuine issues of material fact and entitlement to judgment as a matter of law. Stutzman, 284 Mont. at 376, 945 P.2d at 34. If the moving party meets this burden, the opposing party must come forward with evidence establishing the existence of genuine issues of material fact precluding summary judgment. Stutzman, 284 Mont. at 376, 945 P.2d at 34.

¶ Here, the parties stipulated to the material facts of the case and, as a result, the

only question before us is whether, under the terms of the insurance policy, Farmers was entitled to judgment as a matter of law. The interpretation of an insurance policy presents a question of law (<u>Stutzman</u>, 284 Mont. at 376, 945 P.2d at 34 (citations omitted)), and we review a district court's conclusions of law to determine whether the interpretation of the law is correct. Herron v. Schutz Foss Architects (1997), 282 Mont. 94, 98, 935 P.2d 1104, 1107.

## DISCUSSION

¶ Did the District Court err in granting summary judgment to Farmers on the basis that George's trailer was not a "utility trailer" for purposes of liability coverage under the Farmers policy?

¶ The only vehicle listed on the declarations page of the Farmers policy at issue is a 1988 Ford F250 supercab pickup truck. Thus, George's trailer was not covered as an expressly insured vehicle. However, the policy's liability coverage terms state that Farmers "will pay damages . . . arising out of the ownership, maintenance or use of a car **or** utility trailer." It is undisputed that George's trailer is not a "car" as defined under the policy. Consequently, in order to come within the liability coverage of the policy, George's trailer must meet the policy's definition of "utility trailer." In that regard, the policy states that

> "**Utility trailer**" means a vehicle designed to be towed by a **private passenger car** or **farm car**, including a farm wagon or farm implement, while towed by a **private passenger car**, **utility car**, or **farm car**.

¶ The District Court determined that George's fifth wheel trailer was not a "utility trailer" because it was not being towed by another vehicle at the time of the accident. On that basis, the court concluded that the trailer was excluded from coverage under the policy and Farmers was not obligated to defend or indemnify George in the action brought by Arnold. George argues that the District Court erred in concluding his trailer was not a utility trailer.

¶ According to George, a utility trailer--as defined in the policy--means simply a vehicle designed to be towed by a private passenger car or farm car. He contends that the phrase "while towed by a private passenger car, utility car, or farm car" modifies only the preceding phrase "including a farm wagon or farm implement" and is not a requirement a trailer be in the process of being towed in order to be a utility trailer. Under George's interpretation, a utility trailer is any vehicle designed to be towed by a passenger or farm car, and one variety of such a vehicle may be "a farm wagon or farm implement while towed by a private passenger car." We disagree.

¶ Several well-established principles guide our interpretation of insurance policies. If the language of a policy is clear and explicit, the policy must be enforced as written. Stutzman, 284 Mont. at 376, 945 P.2d at 34. "This Court is bound to interpret the terms of [the] insurance policy according to their usual, common sense meaning as viewed from the perspective of a reasonable consumer of insurance products." Stutzman, 284 Mont. at 376, 945 P.2d at 34. Ambiguities are construed against the insurer and exclusions from coverage are construed narrowly because they are contrary to the fundamental protective purpose of insurance policies. Wellcome v. Home Ins. Co. (1993), 257 Mont. 354, 356-57, 849 P.2d 190, 192.

¶ It is clear from the policy language--and the parties do not dispute--that, in order to be a "utility trailer," a vehicle must be "designed to be towed by a private passenger car or farm car . . . ." The subsequent phrase "including a farm wagon or farm implement" is set off by commas and, as such, constitutes an expanded and clarified description of a vehicle designed to be towed. The policy definition then goes on to provide that a vehicle designed to be towed is a utility trailer only "while towed by" a private passenger, utility or farm car. George's interpretation would require us to effectively disregard or delete the comma at the end of the "including a farm wagon or farm implement" clause, but our obligation to enforce clear and explicit policy provisions as written precludes us from doing so. The policy's "while towed by" language clearly applies to all vehicles designed to be towed. Thus, a vehicle designed to be towed by a private passenger car or farm car is a utility trailer under the Farmers policy before us while being towed by such a car and, conversely, such a vehicle is not a utility trailer if it is not being towed.

¶ Here, it is undisputed that George's trailer was parked on the shoulder of the road at the time Arnold collided with it and was not being towed by, or otherwise attached

to, any other vehicle. As a result, George's trailer was not a "utility trailer" and was excluded from coverage under the policy.

¶ George contends, however, that construing the utility trailer definition in this manner "results in completely absurd circumstances" and he presents several hypothetical scenarios under which he asserts liability coverage would be denied contrary to the reasonable expectations of the insured. Because our function is to interpret the law and apply it to the facts before us, we do not address George's hypothetical scenarios. Moreover, our interpretation of the "utility trailer" definition does not preclude coverage for trailer vehicles under all circumstances, so as to potentially defeat the expectations of a reasonable insurance consumer, but precludes coverage only for those not being towed. In this regard, the policy is clear, explicit and unambiguous and must be enforced as written. See Stutzman, 284 Mont. at 376, 945 P.2d at 34. While the result may seem--and, indeed, be--harsh, that does not mean it is absurd. See Canal Ins. Co. v. Bunday (1991), 249 Mont. 100, 107, 813 P.2d 974, 978.

¶ George also points out that the language of the policy obligates Farmers to pay damages "arising out of the ownership, maintenance or use of a car or utility trailer" and he argues therefrom that this express assumption by Farmers of liability for damages is not conditioned on the utility trailer being towed or otherwise attached to another vehicle at the time of the incident resulting in the damages. His argument is without merit. The coverage provision on which George relies includes the term "utility trailer." That term is defined in the general definitions applicable to the entire policy and that definition contains the exclusion for trailer vehicles which are not being towed at the time the liability is incurred. Thus, replacing the term "utility trailer" in the coverage provision highlighted by George with the policy's definition of the term, the provision requires Farmers to pay damages "arising out of the ownership, maintenance or use of a car or 'a vehicle designed to be towed by a private passenger car or farm car . . . while towed by a private passenger car, utility car, or farm car.' "

¶ We conclude that the term "utility trailer" as defined in the Farmers policy at issue clearly means a vehicle designed to be towed by a private passenger car or farm car while being towed by such private passenger or farm car. We hold, therefore, that the District Court did not err in concluding that George's trailer was not a "utility trailer" for purposes of liability coverage under the Farmers policy and in granting

**summary judgment to Farmers on that basis.**

**¶ Affirmed.**

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON

/S/ TERRY N. TRIEWEILER

/S/ JIM REGNIER

Justice W. William Leaphart, dissenting.

**¶ I dissent. The language of the policy presents an ambiguity which should be resolved against the insurer.**

**¶ The language of the policy obligates Farmers to pay damages "arising out of the ownership, maintenance or use of a car or utility trailer." George argues that this assumption of liability by Farmers for damages is not conditioned on the utility**

trailer being towed at the time of the incident in question. The Court purports to resolve this argument by pointing out that when the policy definition of utility trailer is inserted into the coverage provision relied upon, the provision requires Farmers to pay damages "arising out of the ownership, maintenance or use of a car or . . ." a "vehicle designed to be towed by a private passenger car or farm car . . . while towed by a private passenger car, utility car, or farm car." The fallacy of the Court's approach becomes apparent however when you consider that the "while towed" language has to modify not only "use" but also "ownership" and "maintenance." The Court's resolution does not work with ownership or maintenance. In other words, "while towed" can modify "use," but it makes no sense to say that there is coverage for maintenance of the trailer while being towed. You do not maintain a trailer while it is being towed. Likewise, it makes no sense to provide coverage for ownership "while [being] towed." Ownership is not temporally divisible. George either owned the trailer or did not. Ownership does not hinge upon whether the trailer is being towed. George owned the trailer for all purposes, both while it was being towed and in its stationary position. Thus there is coverage "arising out of [his] ownership" of the trailer.

¶ In my view, the construction of the policy propounded by Farmers and adopted by the Court is not consistent with the coverage provisions of the policy. The policy, at best, is ambiguous and should be resolved against the insurer. Section 28-3-206, MCA; Bauer v. Mountain West Farm Bureau Mutual Ins. Co. (1985), 215 Mont. 153, 156, 695 P.2d 1307, 1309. I would reverse the judgment of the District Court.

/S/ W. WILLIAM LEAPHART