ORIGINAL

FILED

03/15/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0358

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 21-0358

CHRISTINA SCHMID and JENNIFER POWERS,

Plaintiffs and Appellants,

v.

JAE NOTTI, SUSIE NOTTI and ET CATTLE
COMPANY, LLC,

Defendants and Appellees.

FILED

MAR 1 5 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Plaintiffs and Appellants Christina Schmid and Jennifer Powers, via counsel, appeal from the June 7, 2021 Order Re: Motions for Summary Judgment (Order) from the Sixteenth Judicial District Court, Powder River County, entered in the District Court's Cause No. DV-38-2019-2587.

Appellants are currently before this Court with a motion for extension of time to file their Opening Brief. The basis for the extension they seek is that they have determined that the Order is not a final order for purposes of appeal under M. R. App. P. 6, and they therefore intend to seek certification of the Order from the District Court under M. R. Civ. P. 54(b).

Without proper certification, we are without jurisdiction to entertain this appeal. *Kohler v. Croonenberghs*, 2003 MT 260, 317 Mont. 413, 77 P.3d 531.

M. R. Civ. P. 54(b)(1) provides that a court may enter final judgment as to one or more, but few than all, claims or parties when an action presents more than one claim for relief and the court expressly determines there is no just reason for delay. M. R. Civ. P. 54(b)(2) requires that any order granted pursuant to this Rule must comply with the certification of judgment requirements found in M. R. App. P. 6(6).

M. R. App. P. 6(5)(a) provides that an order or judgment that adjudicates few than all claims as to all parties, and which leaves matters in the litigation undetermined are not appealable, subject to M. R. App. P. 6(6). M. R. App. P. 6(6) holds that a district court may direct the entry of final judgment to an otherwise interlocutory order only upon an express determination that there is no just reason for delay, pursuant to M. R. Civ. P. 54(b).

M. R. App. P. 4(4)(b) provides that if an appeal is taken after a district court certifies an order or judgment under M. R. Civ. P. 54(b), the appellant must state this in the Notice of Appeal and attach a copy of the certification order to the Notice. The appeal shall not proceed further until this Court reviews the certification order, determines that it complies with M. R. Civ. P. 54(b) and M. R. App. P. 6(6), and enters an order allowing the appeal to proceed.

In this case, Appellants concede that they have filed an appeal from an interlocutory order that was not certified by the District Court pursuant to M. R. Civ. P. 54(b). M. R. App. P. 4(4)(b) specifies that a party seeking appeal of such order may file it only *after* certification. Therefore, this appeal is premature.

This Court may sua sponte raise the issue of whether an appeal has come to this Court prematurely and should therefore be dismissed for lack of jurisdiction. *Farmers Union Mut. Ins. Co. v. Horton*, 2003 MT 79, ¶ 19, 315 Mont. 43, 67 P.3d 285 (Gray, CJ, concurring)(citing *Litigation Relating to Riot*, 283 Mont. 277, 281, 939 P.2d 1013, 1016 (1997)). We conclude it is appropriate to do so in this case as this appeal fails to comply with M. R. Civ. P. 54(b), M. R. App. P. 6(5)-(6), and M. R. App. P. 4(4)(b).

IT IS THEREFORE ORDERED that this appeal is DISMISSED WITHOUT PREJUDICE.

Dated this 15 day of March, 2022.

_____
Chief Justice

_____

2

_____

_____

_____
                Justices