

ORIGINAL

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 22-0050

FILED

03/15/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0050

J.R. "BOB" EVANS,

    Plaintiff and Appellant,

v.

FOX ISLAND HOMEOWNERS'
ASSOCIATION, INC.,

    Defendant, Appellee, and Cross-Appellant.

FILED

MAR 1 5 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

---

Defendant, Appellee, and Cross-Appellant Fox Island Homeowners Association, Inc. (Fox Island HOA), has moved to dismiss this appeal. Appellant J.R. "Bob" Evans opposes Fox Island HOA's motion.

This case arose after Fox Island HOA prohibited Evans from constructing a fence on his property within the subdivision Fox Island HOA administers. Evans filed a Verified Complaint for Declaratory Judgment (Complaint) in the Eighth Judicial District Court, Cascade County, in November 2020. In the Complaint, Evans requested four remedies: a declaration that the covenants do not allow Fox Island HOA to regulate the location of fencing, landscaping, or other grounds improvement; a declaration that Fox Island HOA's attempt to prohibit Evans from constructing a fence was unlawful; costs and attorney fees; and any other relief that the court deems just, including injunctive relief.

In its Answer to Verified Complaint for Declaratory Judgment, Fox Island HOA raised several affirmative defenses and prayed for the court to: dismiss the Complaint; rule that Evans take nothing; grant Fox Island HOA its attorney fees and costs; and any other relief that the court deems just.

On February 9, 2021, the District Court issued a Scheduling Order which ordered, in relevant part: "[Evans] will file a Motion for Summary Judgment (and [Fox Island HOA], if a cross-motion) by April 9, 2021[.]" Evans filed a motion for summary judgment

and a brief in support on April 8, 2021. Fox Island HOA responded in opposition, but it did not file a cross-motion for summary judgment nor did it request summary judgment in its favor within its responsive brief.

The court heard argument on Evans's motion on September 10, 2021. Pertinent to the present issue before this Court, the District Court queried the parties about how the case might proceed if the court denied Evans's motion. First, the parties estimated for the court how much time a contested hearing would require. The court advised counsel that once the court reached a decision on Evans's motion, the court would request a proposed order from the prevailing party and the court preferred that the party "include a slot where I can set a contested hearing."

As the summary judgment hearing neared conclusion, counsel for Fox Island HOA suggested that if the court denied Evans's motion based on its interpretation of the covenants, no contested hearing would be necessary: "I think we're done. . . . And then we can take it up to the Supreme Court on appeal." The court expressed doubt whether such a ruling would dispose of the case, asking, "[I]s this in front of me to consider for summary judgment in favor of the association?" Evans's counsel attempted to respond, but interjected only "Your Honor," before Fox Island HOA's counsel asserted, "Yeah. If you were to deny his motion, then I think I would be the prevailing party." Prior to adjournment, the court responded that it would "crack the books" on civil procedure to determine if it might grant summary judgment in Fox Island HOA's favor and its ruling would be forthcoming.

On October 25, 2021, the court issued its Order Denying Summary Judgment. Finding no material facts in dispute, it ruled that Fox Island HOA could regulate the construction of Evans's proposed fence. It therefore denied Evans's motion and concluded that he was not entitled to his attorney fees because he was not the prevailing party. The Order did not explicitly grant summary judgment in Fox Island HOA's favor, nor did it set a contested hearing. Shortly thereafter, Fox Island HOA filed a Memorandum of Costs, Motion for Attorney Fees and Costs, and a brief and affidavit in support of the motion.

2

Evans then filed Plaintiff's Objection to Memorandum of Costs and Motion to Tax Costs, asserting that Fox Island HOA's motion was premature because Fox Island HOA had not moved for summary judgment and the court, which could have chosen to grant summary judgment in Fox Island HOA's favor, had not done so. Evans further filed a separate objection to Fox Island HOA's motion for attorney fees, arguing that awarding Fox Island HOA its attorney fees was not warranted under the applicable statutes.

Fox Island filed a separate Notice of Issue for its motion for costs and motion for attorney fees. On November 8, 2021, it also filed a "Notice of Entry of Order" regarding the October 25, 2021 Order Denying Summary Judgment.

On January 31, 2022—after the Motion for Attorney Fees and Costs was fully briefed but prior to the District Court entering any rulings upon it—Evans filed a Notice of Appeal in this Court. In the Notice of Appeal, Evans explained:

> Although [Fox Island HOA] never sought, and the District Court did not grant, summary judgment to [Fox Island HOA], out of caution, [Evans] is going to treat the Notice of Entry of Order as a Notice of Entry of Judgment for the purposes of this appeal. Since the District Court did not rule on the Motion for Attorney's Fees under the 60-day time limit under Rule 59 (*see Ballou v. Walker*, 2017 MT 197, ¶ 23), [Fox Island HOA's] motion for fees was deemed denied on January 2, 2022, and this Appeal is therefore timely filed under [M. R. Civ. P. 58(e) and M. R. App. P. 4(5)(a)(iv)].

On February 11, 2022, Fox Island HOA filed its Notice of Cross-Appeal in this Court. That same day, it also moved to dismiss Evans's appeal without prejudice. Evans objects to the motion to dismiss.

Fox Island HOA argues Evans's appeal was premature because the District Court had not yet ruled upon Fox Island HOA's Motion for Attorney Fees and Costs. In this instance, although Fox Island HOA has moved to dismiss on other grounds, we first raise a different question: whether this matter should be dismissed because the District Court's Order Denying Summary Judgment is not a final order for purposes of appeal.

A party may appeal from a final judgment in an action or special proceeding or from other orders as specified in M. R. App. P. 6. Some judgments and orders are not appealable,

3

including orders denying motions for summary judgment. M. R. App. P. 6(5)(b). This Court may sua sponte raise the issue whether an appeal has come to this Court prematurely and therefore should be dismissed for lack of jurisdiction. *Farmers Union Mut. Ins. Co. v. Horton*, 2003 MT 79, ¶ 19, 315 Mont. 43, 67 P.3d 285 (Gray, CJ, concurring) (citing *Litigation Relating to Riot*, 283 Mont. 277, 281, 939 P.2d 1013, 1016 (1997)).

In this case, the District Court denied Evans's summary judgment motion, and it chose not to enter summary judgment in favor of Fox Island HOA, the nonmovant. We have held, however, that a court may enter summary judgment in favor of a nonmoving party under certain circumstances:

> Generally, no formal cross motion is necessary for a court to enter summary judgment in favor of the nonmoving party. However, it is critical that the court ensure the original movant had full and fair opportunity to meet the proposition, that there is no genuine issue of material fact and the nonmoving party is entitled to judgement [sic] as a matter of law. The court, therefore, must afford the original movant with notice and an opportunity to be heard when it determines whether the case warrants judgment in favor of the nonmoving party. Further, the parties should be given an opportunity to present facts concerning the grounds upon which the district court granted summary judgment.

*In re Estate of Marson*, 2005 MT 222, ¶ 9, 328 Mont. 348, 120 P.3d 382 (citing *Hereford v. Hereford*, 183 Mont. 104, 598 P.2d 600 (1979) (citations and internal quotations omitted).

Here, Fox Island HOA urged the District Court to grant it, the nonmoving party, summary judgment if the court denied Evans's motion on legal grounds. The District Court advised the parties that it would research whether it might be procedurally appropriate for the court to do so, and ultimately issued an order that only explicitly denied Evans's motion. Moreover, during the September 10, 2021 hearing, Evans was not given the opportunity to be heard on whether the case might warrant summary judgment in favor of Fox Island HOA. As an order denying summary judgment is not directly appealable, the District Court did not grant summary judgment in favor of the nonmoving party, and the interlocutory Order Denying Summary Judgment was not certified as final under M. R. Civ. P. 54(b), this appeal was filed prematurely and it is not properly before this Court.

IT IS THEREFORE ORDERED that this appeal is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that this matter is REMANDED to the District Court.

The Clerk is directed to provide copies of this Order to all counsel of record.

Dated this 15 day of March, 2021.

_____
Chief Justice

_____

_____

_____

_____
Justices